FILED (DROP BOX)

SEP 29 2020

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

FILED
LODGED
RECEIVED   |  MAIL  |

SEP 28 2020

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Porfirio Conde Cheesman | ) Case No.: C20-1276 MJP |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Amended |
| Vs. | ) Civil Complaint |
| | ) |
| | ) |
| Swissport USA, Inc., | ) |
| Joseph Abraham, Nathan Borja, | ) |
| Kimberly (H.R. Hiring Manager) | ) |
| Defendant. | ) |
| | ) |

To the Western District Court of Washington State, Western District Clerk
Office, Swissport USA, INC.,

**1.** Defendants Swissport USA Inc. Et. Al. intentionally violated the 42 U.S.

Code § 1985.Conspiracy to interfere with civil rights (3)

**(3)DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES**

**If two or more persons in any State or Territory conspire** or go in disguise on
the highway or on the premises of another, **for the purpose of depriving, either
directly or indirectly, any person or class of persons of the equal protection
of the laws, or of equal privileges and immunities under the laws;** or for the
purpose of preventing or hindering the constituted authorities of any State or
Territory from giving or securing to all persons within such State or Territory the

1

equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

**2.** The Swissport USA Inc. until now are continually retaining the employment of a dangerous person name Joseph Abraham are violating the RCW 49.17.060 on compliance to furnish to each of his or her employees a place of employment free from recognized hazards like workplace violence.

**RCW 49.17.060. Employer—General safety standard—Compliance.**

Each employer:
(1) Shall furnish to each of his or her employees a place of employment free from recognized hazards that are causing or likely to cause serious injury or death to his or her employees:

**3.** Plaintiff was fired after making a report of workplace violence against a middle age coworker older person Joseph Abraham who also has a seniority to work to Swissport USA. Inc and so it is ok for the Swissport USA Inc to tolerated the assault rage attempted killing attitude of Joseph Abraham inside a workplace environment despite of many complaint of other nationality against Joseph Abraham including the plaintiff complaints.

**RCW 49.17.160. Discrimination against employee filing complaint,**

(1) No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or herself or others of any right afforded by this chapter.

**4.** Swissport retaliate by firing the plaintiff upon making a complaint to H.R.

**RCW 49.76.120. Retaliation against employee.**

(2) Filed or communicated to the employer an intent to file a complaint under RCW **49.76.070** or **49.76.100**; or
(3) Participated or assisted, as a witness or otherwise, in another employee's attempt to exercise rights under
RCW **49.76.030**, **49.76.115**, **49.76.070**, or **49.76.100**.

**5.** Plaintiff was fired over a abusive Samoan employee who black American's

and other Asian American's including the plaintiff are dis favor because of race

and color and so the Swissport allowed the continued employment and hiring of

Joseph Abraham to abused by means of rage attitude mad yelling and assaulting

the plaintiff in the process of hate crimes and against the person of color who

complained crossing against the abusive Samoan Joseph Abraham attitude

toward other color and race.

**RCW 49.60.180. Unfair practices of employers.**
It is an unfair practice for any employer:
(1) To refuse to hire any person because of age, sex, marital status, sexual orientation, race, creed, color, national origin, citizenship or immigration status

**6.** Swissport USA Inc. employees are combined of black American's and Asian American's and Samoan American's and one white American supervisor the Swissport USA Inc has few white American human resources and other nationality employees inside the human resource and the human resource practice race and job discrimination because the Swissport USA Inc Human Resources does not listen to the complaint of the black American employees or listen to the complaint of Asian American complaining against Joseph Abraham who has more is more older person and has a seniority to the job secured by the Swissport USA Inc as an at will employer.

**RCW 49.60.030. Freedom from discrimination—Declaration of civil rights.**

(1) The right to be free from discrimination because of race, creed, color, national origin, citizenship or immigration status, sex, honorably discharged veteran or military status, sexual orientation, or the presence of any sensory, mental, or physical disability or the use of a trained dog guide or service animal by a person with a disability is recognized as and declared to be a civil right. This right shall include, but not be limited to:

(a) The right to obtain and hold employment without discrimination;

**7.** Plaintiff, Mr. Conde Cheesman, was hired by the Swissport USA and was assaulted by Joseph Abraham while working April 5, 2019 and the Swissport USA, INC., terminated and deprive the plaintiff employment without any notice after the plaintiff refused to signature a work released termination forms after the assault last April 5, 2019.

**8.** During working hours inside the facility of baggage sorting location in

SeaTac International Airport, while in a baggage sorting machine and no

supervisor on site just a video camera around in the premises, Joseph Abraham

was sorting bags from a distance away from the Plaintiff when suddenly grab a

customer luggage and the defendant became angrily and start accusing Mr.

Cheesman of spitting on the luggage and confronted  so closed to the face of Mr.

Cheesman and said " did you spit on the bag!?", plaintiff said "no. what are you

talking about, are you serious?". And plaintiff started to walk away from the

defendant/Joseph Abraham, defendant Abraham, said "do not turn your back on

me!" (yelling) then the defendant Abraham pull the plaintiff shirt while keep on

accusing and saying "you spit on the bag" and plaintiff keep saying " I did not

spit on the bag" while walking away, defendant joseph got more angry and grab

his personal tug and followed the plaintiff while walking away and get down

from the tug and become more aggressive, went up to the plaintiff and grab the

plaintiff on the waist and slam the plaintiff on the floor and bang slamming the

plaintiff/Mr. Cheesman back body and side of the body  in a carb metal rails

while grabbing plaintiff/Mr. Cheesman from the neck and wrestling with intent

to kill choking hold the neck of Mr. Cheesman and continues none stop to

strangle and wiggle shaking the plaintiff violently intended to aim to kill while

all camera and video are present around with few other people watching the

5

1  defendant ballistic raging action of attempting to kill the plaintiff,  the plaintiff

2

3  waving for help and continued tapping the defendant arms to stop because the

4  plaintiff could not breathe and hurting the neck and back while the defendant

5

6  continued punch the plaintiff in the stomach repeatedly  to hold  so tightly

7  violently not letting go the plaintiff until the supervisor came while five or six

8

9  people watching the assault happened to the plaintiff and Nathan Borja stop and

10  break away the assault, and the plaintiff able to call 911 but not able to speak and

11

12  hang up, and the supervisor said to the plaintiff to sign out and go home while

13  five people holding the defendant Abraham and while plaintiff walking away the

14  defendant Joseph Abraham push all the five people and ride back to the tug

15

16  speeding fast  and intentionally continued to pursued the plaintiff to run over the

17  plaintiff with a tug and deliberately intent to kill the plaintiff.

18

19

20  **9.** Plaintiff/ Mr. Cheesman did not spit on the luggage or bag because the bag's

21

22  luggage belt machine was in a different direction toward opposite of the

23  plaintiffs' position in a diagram of the circulations of the luggage or bags from

24  the machine belt location.

25

26

27  **10.** Plaintiff was in six months employment and has a good standing

28  employment records while working to Swissport USA to deserved to be assaulted

1  and fired without notice of employment termination from mail or in person or

2
3  any compensation from the injury sustained while working for Swissport USA.

4  Plaintiff could not afford a medical fee because of high shelter rent cost and high

5
6  gas cost for a medical attention after the assault because of the job termination

7  and silence of communications from the Swissport USA after a phone call of

8
9  termination from Kimberly last April of 2019 after the complain of an assault

10  against a senior Swissport USA, INC. worker Joseph Abraham.

11  After the assault, Plaintiff drove with a friend to went straight to the Swissport

12
13  base office and make a complaint and file a report of an assault happened while

14  working and the plaintiff neck and back hurting, after the complaint while

15
16  plaintiff was in the base office and told the management that the plaintiff would

17  like to file charges against the defendant, joseph Abraham, of assault but the

18
19  plaintiff  was told to wait for Kimberly instead before to write and file a

20  complaint against an employee. Plaintiff/Mr. Cheesman  waited in the office until

21
22  Kimberly arrived, the plaintiff repeated again to Kimberly that the plaintiff would

23  like to file charges against the defendant, joseph Abraham, and filed a written

24
25  report while speaking to Kimberly (hiring supervisor) after the assault and

26  plaintiff was instructed by the supervisor to sign out and go home.

27
28  Kimberly said, "police could not do anything to solve the problem" and then the

plaintiff went home after speaking to Kimberly of the injury.

Kimberly called the plaintiff  after a week or so and informed the plaintiff to

come into the office and signature a termination form and surrender the

Swissport USA uniform after all the plaintiff complaint of an assault in a

workplace by a coworker.

**11.**  Plaintiff /Mr. Cheesman is asking for the release of all information

containing the  records and information of the Hiring or job termination of

defendant Joseph Abraham and the plaintiff Mr. Porfirio Conde Cheesman

employment history records, other employees complaint on records against

Joseph Abraham and the Swissport USA, INC Job Policy Procedures and

Manual's,  description of the Swissport USA, INC. Hiring and terminations

procedures  and Job Policies.

**12.**  Defendants violate the unfair practice of employment, retaliated and violated

the plaintiff when the plaintiff was assaulted by a senior coworker and the

defendant Swissport USA, INC. terminated the plaintiff Job without informing

from mail or in person upon making a report of workplace assault to the police

and to the human resources.

**13.** The **Fourteenth Amendment rights** of the plaintiff for the equal protection of law are violated by the Swissport USA when the assault was constantly reported to the supervisor, other employee's, and  Kimberly. The Swissport fired the plaintiff instead and was called from a cell phone by Swissport USA, INC. employer to  signature a job termination form after a week of investigation of an assault reported happened while working and the employer continued to denied equal protection of the law and to call to the proper authority to report to the police of an assault of an employee plaintiff/Mr. Cheesman inside the sea tac airport facility that a normal person and incorporated company would not wait for the murder of an employees from a dangerous person while working without being reported to local police authority and continued to asked the plaintiff to surrender the Swissport uniform for terminations after the attack and report of the assault without the physical removal of the assailant Joseph Abraham from the workplace. The plaintiff  until now are sustaining the physical injury from workplace violence because of coworkers being so mad and making false allegations and start to tried to kill the plaintiff by strangulations performing deadly choke hold to the neck of the plaintiff while being punch in the stomach and being wiggled violently by the defendant that hurt the neck and back of the plaintiff until present time August of  year 2020 and the Swissport conspired to the wrong doing of the defendant Joseph Abraham for terminating the

employment of the plaintiff after the assault and continued retaining the

defendant Joseph Abraham employment despite of the deadly intentional assault

strangulation to the plaintiff while working and intentionally chase and

premeditated tried to run over the plaintiff/Mr. Cheesman with a tug machinery

that could kill a person.

**14.** The defendants are at will employer and while so, conspired with Joseph

Abraham who has a job seniority working in Swissport USA Inc. who assaulted

the plaintiff while working to be permanent in the job after six months and

because Joseph Abraham who assaulted the plaintiff  is a different nationality

(Samoan) and has been in the Swissport job with a seniority job title, the

Swissport human resources favored Joseph Abraham of assaulting and

attempting to kill the plaintiff Mr. Cheesman with a tug vehicle, and upon

Swissport knowing the plaintiff called the police, the Swissport told the plaintiff

to go home and relieved the plaintiff from his job and fired the plaintiff to

retaliate to the assault complaint of the plaintiff to Kimberly and to the Swissport

supervisor. The Swissport conspired with Joseph Abraham who assaulted the

plaintiff by means of favoring and concealing the assault in the workplace by

firing the plaintiff, because Joseph Abraham is a favored different nationality

who also has a job seniority title of the job. Joseph Abraham who assaulted the

plaintiff retained the Swissport job until now and fired the plaintiff instead that was assaulted by the Swissport senior worker Joseph Abraham.

RCW 49.60.180 Unfair practices of employers. Nationality and colors  has also a factor in this civil complaint because the Nationality of Joseph Abraham and colors are different compared to another worker of Swissport USA. Inc. in the same job location, as well-known by the employer Swissport human resources from job applications that there is no White American applicant working where all black American and Asian, Asian American and Samoan working together inside the Sea Tac Airport Swissport baggage location and Samoan has more standing favor likely will be more tolerated than other colors or nationality working inside the Swissport location, because Mr. Joseph Abraham has a job seniority to protected his own colors and nationality Samoan and he communicate to them as one individuals with respect to their own colors and nationality while Swissport knew Joseph Abraham has been complaint by black American workers and has a anger problem fighting with Asian or Asian American and complaining against Joseph Abraham abusive attitudes toward Black American and Asian American rather the abusive attitudes and seniority of Joseph Abraham are tolerated even after assaulting the plaintiff who is a American Filipino and because Joseph Abraham is more age or older person than the plaintiff and has a job seniority in Swissport USA. Inc, and  despite of other

person in color black American complaining including the plaintiff complaint to the Swissport supervisor and human resources of an assault, all complaint of abuse attitude by strangling and attempting to kill a person while working and other reported complain from black and other nationality against Joseph Abraham are disregarded by the Swissport managements and are not being monitored for accuracy of the employees complaint against the same person Joseph Abraham.

**15.** Swissport USA Inc without launching an investigation to the complaint of plaintiff and other colors or nationality like black American and Asian for equal privileges of all employees without a race or age discriminations because Joseph Abraham has more title job seniority privilege and are older person are continually  conspiring to joseph to retained his job and consenting to the assault of the employees, verbally, physically and emotionally damaging the  plaintiff being fired after the report of an assault and attempted murder by the action of Joseph Abraham.

**16.** Swissport USA Inc, conspire with Joseph Abraham to injure, oppress, threaten and intimidate the plaintiff while working, Swissport USA Inc, knew Joseph Abraham has a rage anger problem being reported since by other color and other nationality working closely with Joseph Abraham inside the baggage

location area of the Swissport job location in Sea Tac international Airport,

Swissport USA Inc continued to tolerated a hostile work environment without

disciplinary action against Joseph Abraham rage assaulting the plaintiff and using

heavy vehicle to attempted murder/kill the plaintiff and ignoring other colors and

other nationality who complaint against Joseph Abraham being angry and

hostility toward other color and other nationality assaulting the plaintiff then

attempted to kill the plaintiff by using a heavy machinery vehicle, Swissport

USA Inc fired and job, race discriminate the plaintiff after the assault and

attempted murder reporting against the rage of Joseph Abraham to kill the

plaintiff while working.

**17.**  The plaintiff nationality is American Pilipino born in the USA and  has a

civil right as an American Filipino employee to work and be hired by the

Swissport USA Inc. without being assaulted and targeted for attempted murder

while working as one of the employees of Swissport USA Inc. The Swissport

USA Inc. has a duty of care and responsibility to their employees' to provide a

safe work environment to their employees and because of the plaintiff complaint

of an assault and attempted murder using a heavy Tug machinery and then after

the complaint terminated and fired the plaintiff instead.

**18.**  42 U.S. Code § 1985.Conspiracy to interfere with civil rights (3),

**19.** 18 U.S. Code § 241.Conspiracy against rights.

**20.** 42 USC 1983: Civil action for deprivation of rights,

**21.** Fourth Amendment Rights.

**22.** Since the assault, attempted murder, race and employment discriminations, and the violations of civil rights of the plaintiff has suffered economic and none economic damages RCW 4.56.250.

**23.** The Swissport USA Inc. are negligent in hiring, retaining and supervising Joseph Abraham rage attitude toward other colored and other nationality employee while few or more have complained against Joseph Abraham.

**24.** Swissport USA Inc. are Negligent in Hiring Joseph Abraham and the Swissport must provide the criminal records of Mr. Joseph Abraham to be compared to the criminal records under the name of Joseph Abraham lingering on an online internet police records of the criminal activity of Joseph Abraham since the 90's and until present time that the Swissport USA Inc. knew of existence prior of hiring Joseph Abraham or did not investigate any criminal records of individual prior of hiring Joseph Abraham.

**25.** Negligent Retention, Swissport USA Inc. should have documented records from different employees including the plaintiff verbal complaint or written

complaint against Joseph Abraham rather continued to ignore facts of the rage criminal activity inside the job facility being complained by colored and other nationality.

**26.** Negligent Supervision, the supervisor and human resources knew the assault are in progress while all live camera are around and few other employees are watching the assault and attempted killing activity of Joseph Abraham, but the Swissport USA Inc. supervisor did not immediately remove Joseph Abraham from the work site and the human resources told the plaintiff to go home instead after knowing the plaintiff has just called the police.

Plaintiff reserved the rights to continue to amend civil complaint and added more civil complaint charges against the Defendant's Swissport USA, INC. et. Al.

## DAMAGES

WHEREFORE, Plaintiff pray for $5,000,000 compensatory damages, punitive damages, economic and noneconomic damages for the physical injury sustained from the physical assault at work place and from job termination, together with attorney's fees and court costs in bringing this action and the Defendant Swissport USA, INC. reinstating the plaintiff employment and the relocation of the plaintiff.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Jury demand**

Plaintiff demands a jury trial.

Dated this 25th  day of August 2020

Porfirio Conde Cheesman/Pro Se
1708 N INDIANA DRIVE
ELLENSBURG, WA 98926

16

# CERTIFICATE OF SERVICE

1
2
3
4    I hereby certify that I served the foregoing Amended Civil Complaint on
5    the following named person on the date indicated below in the manner indicated
6
7    Mailing with postage prepaid
8
9
10   U.S. District Court
     Clerk's Office
11   700 Stewart Street, Suite 2310
     Seattle, WA 98101
12
13   Swissport USA, INC.
14   18000 International Boulevard
     Sea Tac, WA. 98188
15
16
17   Dated this 25ᵗʰ day of August 2020
18
19
20
21   I certify under penalty of perjury under the laws of the state of Washington that
22   the foregoing is true and correct.
23
24
25
26   Porfirio Conde Cheesman/Pro Se
27   1708 N INDIANA DRIVE
     ELLENSBURG, WA 98926
28

17

Porgia Cheesman
1708 N. Indiana Dr.
Ellensburg, WA 98926

YAKIMA, WA 989

SEP 25
2020
PM

U.S. DISTRICT COURT
CLERK's OFFICE
700 Stewart Street, Suite 2B
Seattle, WA 98101

MAIL

FILED
LODGED
RECEIVED

SEP 28 2020

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY